## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

REGANA THOMAS,                                    Case No. 22-cv-_____

       Plaintiff,

v.

AMAZON.COM SERVICES LLC,

       Defendant.

---

Scott P. Batey (P54711)
BATEY LAW FIRM, PLLC
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

*Attorneys for Plaintiff*

Michael A. Chichester, Jr. (P70823)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 446-6400
mchichester@littler.com

*Attorneys for Defendant*

---

### DEFENDANT'S NOTICE OF REMOVAL

    Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby removes Case No. 22-006211-CD from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1.      On or about May 25, 2022, Plaintiff Regana Thomas ("Plaintiff") filed a Complaint in the Circuit Court for the County of Wayne, State of Michigan, styled *Thomas v. Amazon.com Services LLC*, Case No. 22-006211-CD (the "State Court Action").

2.      Service of a Summons and Complaint ("Compl.") by personal service was effected upon Amazon's registered agent on May 27, 2022, copies of which are attached hereto as Exhibit 1.

3.      The aforesaid documents (Exhibit 1) constitute all process, pleadings, and orders served upon Amazon in this action.

4.      The Complaint purports to assert two causes of action against Amazon: (1) race discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2201, *et seq.* ("ECLRA"); and (2) sex discrimination and harassment in violation of Title VII and the ECLRA. (Compl. ¶¶ 6, 31-41, 44-54).

5.      The relief Plaintiff seeks includes, *inter alia*, damages for humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, lost of earnings and employment benefits, loss of capacity for the enjoyment of life, costs, interest, and attorney's fees. (Compl. ¶¶ 42, 55, WHEREFORE clauses).

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. 1331

6.      This Court has original jurisdiction over this action under the provisions of Title 28, United States Code, Section 1331 (federal question). A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987).

7.      In her Complaint, Plaintiff alleges that Amazon discriminated against her and harassed her on the basis of her race and sex in violation of Title VII. (Compl. ¶¶ 6, 31-41, 44-54). Since Plaintiff's Complaint raises a federal question, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Amazon is entitled to remove the same to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

8.      Even though the Complaint also alleges claims under the ELCRA, a state statute, this Court has supplemental jurisdiction over such claims under 28 U.S.C. § 1367 because they are part of the same case and controversy as the claims over which the Court has original jurisdiction, making removal proper.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332

9.      This action Court has original jurisdiction over this action under the provisions of Title 28, United States Code, Section 1332 (diversity), and this action may be removed to this Court by Amazon pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the alleged value of the claim of Plaintiff is in excess of the amount of $75,000.00, exclusive of

interest and costs, and  is between citizens of different states, as more fully shown below:

     a.     Plaintiff resides in Wayne County, Michigan. (Compl., ¶ 1).

     b.     At the time such action was commenced, and at the present time, Amazon.com Services LLC was and is a Delaware limited liability company.

     c.     For purposes of diversity jurisdiction, a limited liability company is considered a citizen of the state or states of citizenship of its member(s). *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

     d.     The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc.

     e.     A corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

     f.     Amazon.com Sales, Inc. is a Delaware Corporation with its principal place of business in Seattle, Washington.

     g.     Thus, Amazon.com Sales, Inc. and Amazon.com Services LLC are citizens of both Delaware and Washington.

     h.     Amazon.com Services LLC is not a citizen of Michigan, and therefore, complete diversity exists.

i.     In her Complaint, Plaintiff alleges that the amount in controversy exceeds the required threshold for Michigan Circuit Court actions, which is $25,000. (Compl., ¶ 5, WHEREFORE clauses). The allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is actually seeking damages well in excess of $75,000.

j.     Plaintiff's employment was terminated on December 6, 2020, and she alleges that she was terminated as a result of race and sex discrimination. (Compl. ¶¶ 21, 31-41, 44-54).

k.     Plaintiff's alleged damages include those for humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and employment benefits, loss of capacity for the enjoyment of life, costs, interest, and attorney's fees. (Compl. ¶¶ 42, 55, WHEREFORE clauses).

l.     At the time Plaintiff's employment with Amazon ended on December 6, 2020, Plaintiff was being paid $15.00/ hour, or $31,200 annualized based on an expected 2080 hours worked per year. Thus, Plaintiff has accrued approximately $47,400 ($31,200/52 weeks x 79 weeks) in potential back pay damages since her employment ended, and her lost earnings continue to accrue at a rate of approximately $600.00 per week.

m.    The latest available statistics from the Administrative Office of the United States Courts reflect that, for the twelve-month period ending March 31, 2020, the median interval from filing to trial in civil cases in the Eastern District of Michigan was 33.3 months.[1] Should this case proceed to trial in March 2025, Plaintiff's alleged lost wages, in addition to those incurred prior to her filing of the Complaint, will total approximately $86,000.

n.    A plaintiff claiming she was discriminated against and/or harassed in violation of Title VII and the ECLRA may also be awarded emotional distress damages (cite).

o.    Taking Plaintiff's claims for lost wages and benefits and emotional distress damages together, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and thus the amount in controversy requirement is satisfied. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

10.    Defendant's Notice of Removal is timely as it was filed within thirty (30) days of service of the Complaint on Defendant, pursuant to 28 U.S.C. § 1446(b).

---

[1] Prior to the COVID-19 pandemic, the median interval from filing to trial in civil cases in the Eastern District of Michigan was 31.1 months (see statistics from the Administrative Office of the United States Courts for the twelve-month period ending December 31, 2019). If that interval is used in lieu of the 33.3-month interval, Plaintiff's alleged lost wages through trial would total approximately $127,000, including those lost earnings accrued prior to filing the Complaint, and would again be in excess of the amount in controversy requirement.

11.     Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice

of Removal have been served upon Plaintiff and Defendant has timely filed a copy

of this Notice of Removal with the Clerk of the Wayne County Circuit Court.

## CONCLUSION

By this Notice of Removal, Defendant Amazon.com Services LLC does not

waive any objections it may have as to service, jurisdiction, or venue, or any other

defenses or objections it may have to this action. Defendant Amazon.com Services

LLC intends no admission of fact, law, or liability by this Notice, and expressly

reserves all defenses, motions and/or pleas.


Dated:  June 16, 2022                    */s/ Michael A. Chichester, Jr.*
                                         Michael A. Chichester, Jr. (P70823)
                                         LITTLER MENDELSON, P.C.
                                         200 Renaissance Center, Suite 3110
                                         Detroit, Michigan 48243
                                         (313) 202-3254
                                         mchichester@littler.com
                                         *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on June 16, 2022, via:

|          |                 |          |                  |
|----------|-----------------|----------|------------------|
| ___X___  | U. S. Mail      | _____ | Facsimile        |
| _____ | ECF Filing      | _____ | Hand Delivery    |
| _____ | E-Mail          | _____ | Federal Express  |

*/s/ Michael A. Chichester, Jr.*
Michael A. Chichester, Jr.

# EXHIBIT  1

⑤ 5-27-22
@ 8:48 Am. G.S.

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**22-006211-CD**<br>Hon. Annette J. Berry |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-4679

| **Plaintiff's name(s), address(es), and telephone no(s)**<br>Thomas, Regana | v | **Defendant's name(s), address(es), and telephone no(s).**<br>Amazon.com Services LLC |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br><br>Scott P. Batey 54711<br>30200 Telegraph Rd Ste 400<br>Bingham Farms, MI 48025-4506 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action in the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>5/25/2022 | Expiration date*<br>8/24/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS |
|---|---|
| | Case No. : **22-006211-CD** |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐  **OFFICER CERTIFICATE** | **OR** | ☐  **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:       (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
                                              List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                                    Date

My commission expires: _____      Signature: _____
                                        Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                          Attachments

_____ on _____
                                                          Day, date, time

_____ on behalf of _____.
Signature

Laverne Chapman    5/25/2022 1:54 PM    WAYNE COUNTY CLERK    Cathy M. Garrett    IN MY OFFICE    FILED    22-006211-CD

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

REGANA THOMAS,

      Plaintiff,

                                        Case No.  22-       -CD

v.

                                        Hon.

AMAZON.COM SERVICES LLC,

      Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

        There is no other civil action between these parties
arising out of the same transaction or occurrence as
alleged in this Complaint pending in this Court nor has
any such action previously been filed and dismissed or
transferred after having been assigned to a Judge.

### **PLAINTIFF'S COMPLAINT**

      NOW COMES, Plaintiff, Regana Thomas (hereinafter "Plaintiff"), by and

through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her

Complaint against Defendant states as follows:

1.     Plaintiff is a resident of the City of Redford, County of Wayne and State of Michigan.

2.     Defendant, Amazon.com Services LLC (hereinafter "Defendant") is a for-profit corporation duly authorized to do business in the County of Wayne and State of Michigan.

3.     The events producing the original injury occurred in Wayne County, Michigan.

4.     Venue is proper in this court pursuant to MCL § 600.1621.

5.     The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

6.     Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination and adverse employment action which resulted in both economic and emotional damages to Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq*. (ELCRA).

## **GENERAL ALLEGATIONS**

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     Plaintiff is an African-American woman and belongs to a protected class.

2

9.      On or about August 20, 2020, Plaintiff was hired by Defendant at a delivery station known as "DTW 1-FC," in Redford, Michigan.

10.     Starting in or around October 2020, Plaintiff was harassed and discriminated against by other employees due to her race and gender/sex.

11.     Plaintiff complained of her poor treatment to her supervisors.

12.     Plaintiff's complaints primarily surrounded her co-worker "Thomas D." (hereinafter "Thomas D.").

13.     On multiple occasions after this complaint, in or around November 2020, Thomas D. yelled at Plaintiff from across the loading docks.

14.     In or around November 2020, Thomas D. continued his severe harassment of Plaintiff.

15.     Thomas D. told Plaintiff, "if you ever get in my face with that bullshit again, I'm going to beat your f***ing ass.

16.     A manager for Defendant attempted to intervene, but Thomas D. told him, "I'll beat your ass too."

17.     Defendant refused to take remedial measures and Thomas D. was never counsel or disciplined for these attacks on Plaintiff.

18.     On or about December 1, 2020, Thomas D. approached Plaintiff and grabbed her neck badge.

3

19.     Plaintiff told Thomas D. not to touch her, to which he responded, "I will do whatever the f*** I want to."

20.     Following the incident, Plaintiff complained to the Human Resource Department that she was being discriminated against and treated differently due to her race and gender and about these incidents.

21.     On or about December 6, 2020, Plaintiff was terminated for complaining of racial discrimination.

22.     Plaintiff was terminated for allegedly threatening Thomas D. in violation of Defendant's Standard of Conduct,

23.     Thomas D., a white male who instigated these incidents, violated Defendant's Standard of Conduct, but was not terminated by Defendant for these violations.

24.     Plaintiff was treated differently than a similarly situated white male and terminated due to her race and gender and for filing a complaint with Defendant.

25.     Defendant is responsible for all acts committed by their officials, agents, representatives, members and employees, including, but not limited to Thomas D. who were at all times acting under color of law and within the scope of their employment/official positions.

4

26.    At all times relevant, Plaintiff was acting as an employee of Defendant.

27.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

28.    Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

29.    Plaintiff filed a Charge of Discrimination on July 3, 2021 and received a Right to Sue letter from the EEOC on March 9, 2022.

## COUNT I
## RACE DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII AND ELCRA

30.    Plaintiff incorporates by reference paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31.    Pursuant to Title VII and ELCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon race.

5

32. Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's race, and her complaints of unfair treatment.

33. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII and ELCRA.

34. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon race, including adverse employment action.

35. Defendant, its employees and agents harassed Plaintiff to the point where her status as an employee has been detrimentally affected.

36. Plaintiff is entitled to exemplary, compensatory, and punitive damages pursuant to Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

37. Plaintiff is entitled to exemplary and compensatory damages pursuant to ELCRA, including costs and reasonable attorney's fees.

38. Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably than Plaintiff.

39. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

      a. Violating the laws against discrimination by engaging in race discrimination in the workplace;

6

b. Failing to take serious and corrective action when informed by Plaintiff of the conduct towards her;

c. Failing to prevent or stop discrimination against Plaintiff causing a hostile work environment; and

d. Taking adverse employment action against Plaintiff due to her race.

40. Defendant owed Plaintiff a duty to adequately advise their employees to refrain from discriminating against employees.

41. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of the Defendant.

42. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEX DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII AND ELCRA

7

43.     Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.     Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, *Et Seq.* (ELCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

45.     Defendant was Plaintiff's employer within the meaning of Title VII and ELCRA.

46.     Plaintiff was subjected to unwelcome conduct including repeated and continuous harassment and adverse employment action due to her sex/gender.

47.     The ongoing and continuing unwelcome conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

48.     Plaintiff's sex/gender was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

49.     Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her sex/gender by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

8

50.   Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably than Plaintiff.

51.   Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's sex/gender by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

   b. Imposing discipline based on sex/gender;

   c. Taking adverse employment action against Plaintiff based upon her sex/gender;

   d. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her sex/gender.

52.   Defendant owed Plaintiff a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her sex/gender.

53.   Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

54. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

55. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By:  /s/ Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, Michigan 48025
     (248) 540-6800-phone
     (248) 540-6814-fax
     sbatey@bateylaw.com

Dated: May 25, 2022

22-006211-CD FILED  IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   5/25/2022 1:54 PM   Laverne Chapman

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

REGANA THOMAS,

     Plaintiff,

                                 Case No.  22-　　　　-CD

v.

                                 Hon.

AMAZON.COM SERVICES LLC,

     Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

## **DEMAND FOR JURY TRIAL**

    NOW COMES Plaintiff, Regana Thomas, by and through her attorneys, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-phone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: May 25, 2022